IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SECOND WIND, INC., an Oregon
corporation doing business as
Cannon Beach Bakery,

    Plaintiff,

vs.

PAMELA LEER, an individual
residing in Oregon and
doing business as The Cannon
Beach Bakery,

    Defendant.

Civil No. 04-214-AA
OPINION AND ORDER

Stephen Redshaw
Stoel Rives
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
    Attorney for plaintiff

John Chambers
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
    Attorney for defendant

AIKEN, Judge:

Page 1 - OPINION AND ORDER

Plaintiff moves the court for an award of attorneys' fees in the amount of $15,000.

## BACKGROUND

This case arises from a dispute between plaintiff, doing business as Cannon Beach Bakery, and its former landlord, defendant Pamela Leer ("Leer"). Plaintiff alleges that it and its predecessors in interest have operated the Cannon Beach Bakery, including producing and marketing Haystack Bread, since at least 1979. During the Fall 2003, plaintiff lost its lease with the defendant (property owner), moved out of the building and began construction of a new bakery about two blocks away. Within a few weeks, the defendant opened her own bakery in the vacated space, calling it the Cannon Beach Bakery and marketing a product called "Haystack Bread," the signature item found in plaintiff's Cannon Beach Bakery.

On November 12, 2003, plaintiff's counsel wrote to defendant's counsel and demanded that the defendant stop infringing on the Cannon Beach Bakery and Haystack Bread trademarks. On November 24, 2003, defendant's attorney responded by voicemail that (1) his client understood she could not use the marks; (2) his client would stop using the marks; and (3) his client had no intention of using the marks in the future. On November 26, 2003, plaintiff's counsel requested that defendant's counsel confirm his prior message in writing. No written

response was ever made. On December 10, 2003, defendant applied for and received a business license from the city of Cannon Beach under the name Cannon Beach Haystack Bakery/Home of the Original Haystack Bread.

During early January 2004, plaintiff's counsel again contacted defendant's counsel regarding defendant's continued efforts to register various infringing assumed business names, including Cannon Beach Haystack Bakery and Cannon Beach Haystack Bakery, Home of the Original Haystack Bread. On January 22, 2004, defendant's counsel wrote to plaintiff's counsel stating that he did not believe that any trademark violation was occurring. On January 26, 2004, plaintiff's counsel responded that if defendant did not immediately cease use of these names, plaintiff would file a lawsuit seeking an injunction.

Two weeks later, on February 11, 2004, defendant opened a bakery at the location of plaintiff's Cannon Beach Bakery. Defendant named the bakery the Cannon Beach Bakery and the signature item was Haystack Bread. Plaintiff filed this lawsuit on February 13, 2004, alleging that defendant knowingly and purposely infringed on the Cannon Beach Bakery and Haystack Bread trademarks.

On February 25, 2004, upon plaintiff's notification to defendant that plaintiff intended to file an immediate motion for a temporary injunction, defendant's attorney stated

that as of the close of business that day his client would stop using the name Cannon Beach Bakery to describe her bakery, and stop using the name Haystack Bread to describe any product sold in the bakery. Subsequently, however, the defendant refused to sign a Stipulated Permanent Injunction stating that she would not use the marks. Instead, the defendant posted a sign in the front of her bakery stating that "[d]ue to legal matters, we no longer have the name Cannon Beach Bakery Home of the Original Haystack Bread . . . we will continue at this bakery, but we will call it another name because of legal matters." On March 22, 2004, defendant filed an Answer denying that plaintiff is the owner of the marks and denying that her use of the marks was wrongful.

## DISCUSSION

The parties reached a Settlement Agreement in this case. Pursuant to the Settlement Agreement, the parties agreed to the following: (1) plaintiff Cannon Beach Bakery is the prevailing party in this lawsuit; (2) defendant Leer will execute a Stipulated Permanent Injunction precluding her from further infringement on the trademarks "Cannon Beach Bakery," and "Haystack Bread;" (3) within 14 days of the entry of the Stipulated Permanent Injunction, Cannon Beach Bakery will submit a motion for attorney's fees incurred as a result of Leer's infringement; and (4) the court will determine the appropriate fee amount payable to plaintiff, with a minimum award of $5,000

and a maximum award of $15,000. On March 16, 2005, the Stipulated Permanent Injunction was signed and filed by this court.

Pursuant to § 1117(a) of the Lanham Act, 15 U.S.C. §§ 1501 et seq., "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." "While the term 'exceptional' is not defined in the statute, generally a trademark case is exceptional for purposes of an award of attorney's fees when the infringement is malicious, fraudulent, deliberate or willful." Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400, 1409 (9th Cir.), cert. denied, 510 U.S. 815 (1993).

Based on the parties' agreement that plaintiff is the prevailing party, this court is authorized to make an appropriate attorneys's fees award to the plaintiff. Plaintiff asserts that as of February 25, 2004, plaintiff had incurred more than $21,000 in attorney fees. Since February 25, 2004, plaintiff states that it has incurred an additional $10,000 in fees due to defendant's refusal to sign a Stipulated Permanent Injunction. On October 10, 2004, upon finalization of the settlement agreement, the defendant agreed to sign a Permanent injunction. The Stipulated Permanent Injunction was then entered on March 16, 2005.

I find that defendant's infringement of the Cannon Beach Bakery and Haystack Bread marks as evidenced by her conduct was

intentional, deliberate and willful. Defendant had agreed not to use those marks in communications to counsel in November 2003 and January 2004. Despite those assurances, on December 10, 2003, defendant applied for and received a business license for the name Cannon Beach Haystack Bakery - Home of the Original Haystack Bread. The record supports plaintiff's assertion that defendant's actions in continuing to use the marks necessitated that plaintiff file this lawsuit to protect its trademark rights. Plaintiff alleges that defendant continued using the marks even after the lawsuit was filed, prompting plaintiff to then prepare a motion seeking temporary injunctive relief. Just prior to plaintiff filing the motion for injunctive relief, on February 25, 2004, defendant agreed to stop using the marks. Finally, when the parties participated in mediation with Judge Coffin, the defendant agreed to sign a permanent injunction.

I have reviewed the time records kept by plaintiff's counsel regarding attorneys' fees incurred in this matter by the plaintiff. Plaintiff's counsel's fee records are comprehensive and thorough. Moreover, I find that the fee charges (both hourly rate and hours worked) are reasonable given the nature of the lawsuit, in terms of the subject matter, the results obtained, and the time and labor required to reach a result.
///
///

CONCLUSION

Plaintiff's motion for an award of attorney's fees (doc. 12) is granted. Plaintiff is awarded the amount of $15,000.00.

IT IS SO ORDERED.

Dated this 21 day of June 2005.

_____
Ann Aiken
United States District Judge